[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13395
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00133-RBD-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERONICA OLIVIA BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 19, 2013)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

After pleading guilty, Defendant Veronica Olivia Brown appeals her 30-month sentence for conspiring to defraud the United States by filing fraudulent tax returns, in violation of 18 U.S.C. § 286.  On appeal, Defendant Brown challenges the district court's loss calculation and denial of a minor role reduction and argues that her sentence is substantively unreasonable.  After review, we affirm.

The district court did not err, plainly or otherwise, in calculating a loss amount of $1,087,308.  When an offense involving fraud causes a loss of more than $1,000,000, but less than $2,500,000, the defendant's offense level is increased by sixteen levels.  U.S.S.G. § 2B1.1(b)(I).  The district court "need only make a reasonable estimate of the loss" and that loss determination is "entitled to appropriate deference."  Id. § 2B1.1, cmt. n.3(C).

At sentencing, Brown did not challenge the Presentence Investigation Report's ("PSI") calculation of the $1,087,308 loss amount.  Instead, she argued that she should not be held accountable for that amount because it was not reasonably foreseeable to her.  On appeal, Brown has changed her argument and now contends that the government failed to present reliable and specific evidence of the loss amount and that the district court failed to make particularized findings as to the scope of Brown's role in the conspiracy to support the loss amount. Because Brown did not object on the grounds she raises on appeal, we review only for plain error.  See United States v. Massey, 443 F.3d 814, 818-19 (11th Cir.

2

2006) (using plain error review where the defendant raised a new legal theory on appeal for his objection to the district court's upward departure at sentencing).

Furthermore, although Defendant Brown objected to paragraph 15 of the PSI applying § 2B1.1(b)(1)(I)'s sixteen-level enhancement to Brown's offense level, she did not object to the PSI's factual allegations.  The PSI's factual allegations, namely paragraphs 7 and 8, established that: (1) Defendant Brown agreed to let Bryan Copeland use her address on fraudulent federal income tax returns and then gave the refund checks to Copeland when they arrived; (2) Defendant Brown knew that Copeland used her address as a "drop" so the refund checks would not be traced to him; and (3) the IRS estimated that it processed approximately 287 fraudulent tax returns with Defendant Brown's address, for an intended loss amount of $1,087,308.[1]  See Fed. R. Crim. P. 32(i)(3)(A) (providing court "may accept any undisputed portion of the presentence report as a finding of fact"); United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009) ("[A] failure to object to allegations of fact in a PSI admits those facts for sentencing purposes and precludes the argument that there was error in them." (quotation marks omitted)).

---

[1]At sentencing, Defendant Brown agreed that the actual loss was $767,585, which was the amount of restitution she was ordered to pay jointly and severally with Copeland.  Because the undisputed intended loss was greater than the undisputed actual loss, the district court properly used the intended loss amount.  See U.S.S.G. § 2B1.1, cmt. n.3(A) (requiring the court to use the greater of the actual and intended loss).  Moreover, because both the intended and actual loss could be determined, there is no merit to Brown's claim that the district court instead should have used Brown's financial gain from the conspiracy to determine the loss amount.  See id. § 2B1.1, cmt. n.3(B) ("The court shall use the gain that resulted from the offense as an alternative measure of loss only if there is a loss but it reasonably cannot be determined.").

3

Because these undisputed facts are sufficient to support § 2B1.1(b)(1)(I)'s sixteen-level enhancement, the government was not required to present any additional evidence as to the amount of the loss.

The record belies Defendant Brown's claim that the district court failed to make particularized findings as to Brown's involvement in the conspiracy to defraud the government. See United States v. Mateos, 623 F.3d 1350, 1370 (11th Cir. 2010) (requiring the district court to "make individualized findings concerning the scope of [the defendant's] criminal activity," before considering all reasonably foreseeable acts of coconspirators that resulted in losses (quotation marks omitted)). As to Defendant Brown's role in the conspiracy, the district court explicitly found that: (1) the "wide-ranging criminal conspiracy . . . was orchestrated by Mr. Copeland"; (2) Defendant Brown "was involved in a long-term relationship with Mr. Copeland" and "provided the address to serve as the drop for the fraudulent tax refunds received from the Internal Revenue Service as a result of her relationship with Mr. Copeland"; and (3) "[t]he facts suggest she was very knowledgeable about the scope of the criminal conspiracy and unlawful conduct that Mr. Copeland was engaged in and willingly participated in it."

4

The district court also did not clearly err in denying Defendant Brown's request for a minor-role reduction.[2]  In calculating her offense level, the district court held Brown accountable for only the 287 fraudulent tax returns filed using her address, the refund checks for which Brown admitted delivering to Copeland. In other words, Brown's relevant conduct was the same as her actual conduct in the fraud conspiracy.  See United States v. DeVaron, 175 F.3d 930, 940 (11th Cir. 1999) (en banc) (instructing court to consider defendant's role in relation to the relevant conduct attributed to the defendant at sentencing).  Thus, Brown cannot point to Copeland's wider fraud conspiracy for which she was not held accountable to show her role was minor.  See id. at 941.[3]

Although Defendant Brown contends her role was minor compared to Copeland's role, the district court may, but is not required to, compare a defendant's role to the other participants in the relevant conduct.  See id. at 944.  In any event, the fact that Brown was less culpable that Copeland, the "mastermind" of the conspiracy, does not mean that her role was minor.  See id. (explaining that it is possible to have no minor or minimal participants).  While Copeland filled out

[2]We review for clear error the district court's determination as to a defendant's role in the offense.  United States v. DeVaron, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

[3]At his sentencing, Copeland was held accountable for over $5 million in losses. Copeland's broader conspiracy involved several other individuals who were prosecuted separately.  Brown has not shown that these other individuals participated in her relevant conduct or, if so, to what extent, thus Brown has not carried her burden of comparing her culpability to them.  See DeVaron, 175 F.3d at 944 ("The district court may consider only those participants who were involved in the relevant conduct attributed to the defendant.").

the returns and received the full benefits of the refunds, the use of Brown's address and Brown's delivery of the refund checks to Copeland were important to carrying out the conspiracy. Further, Brown admitted she was aware of the unlawful purpose of the scheme and willingly entered into it. Given the undisputed facts, the district court's finding that Brown played more than a minor role in the fraud conspiracy was not clear error.

Finally, Defendant Brown has not shown that her 30-month sentence, at the low end of the advisory guidelines range of 30 to 37 months, was substantively unreasonable. We review the reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc), cert. denied, __ U.S. __, 131 S. Ct. 1813 (2011) (internal quotation marks omitted). The defendant bears the burden to show her sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.[4] United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

_____

[4]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational and vocational training and medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Although we do not apply a presumption of reasonableness, we ordinarily expect a sentence within the correctly calculated advisory guidelines range to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).  A sentence imposed well below the statutory maximum (in this case ten years, pursuant to 18 U.S.C. § 286) is another indicator of a reasonable sentence.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, for over four years, Defendant Brown willingly participated in a conspiracy to defraud the government using hundreds of fraudulent tax returns and resulting in over $1 million in intended losses and over $700,000 in actual losses. The district court heard Brown's arguments in mitigation, including that Brown: (1) was a single mother raising two children, (2) had a stable work history and was pursuing her education, (3) did not receive much financial gain from the conspiracy, and (4) was willing to testify against Copeland, which contributed to his decision to plead guilty.  Although Brown minimizes her role in the conspiracy and argues that the amount of loss overrepresented her culpability, the district court was within its discretion to conclude that Brown's low-end guidelines sentence "accurately captured the involvement of the defendant [and] her culpability" and to refuse her request for a downward variance.

Defendant Brown contends her sentence created unwarranted sentencing disparities between herself and the other individuals who conspired with Copeland

to commit tax fraud.  In considering sentencing disparities, however, the district court is not required to adjust a defendant's sentence based on the relative sentences of coconspirators because doing so could create disparities between her sentence and the sentences of similarly-situated defendants in other cases.  See United States v. Regueiro, 240 F.3d 1321, 1326 (11th Cir. 2001).  And, more importantly, Brown has not shown that she and Copeland's other conspirators were similarly-situated.  See United States v. Williams, 526 F.3d 1312, 1324 (11th Cir. 2008) (explaining that there is not unwarranted disparity where the other defendant received a shorter sentence because he provided substantial assistance).  Brown does not dispute that, unlike Brown, Copeland's other conspirators all entered into written plea agreements and benefited from substantial assistance motions or that most of them were held accountable for smaller losses.[5]

For all the forgoing reasons, we affirm Defendant Brown's 30-month sentence.

**AFFIRMED.**

---

[5]In arguing that the district court should have varied downward, Brown's counseled brief cursorily states that she should have received a downward departure under U.S.S.G. § 5K1.1 for her substantial assistance.  Apart from the fact that Brown did not raise this issue at sentencing, this kind of passing reference, without substantive legal argument or citations of authority, is not sufficient to preserve this issue for appellate review.  See United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003).  In any event, Brown has shown no plain error in this regard.